EXHIBIT   D



**KROLL MCNAMARA EVANS & DELEHANTY LLP**
ATTORNEYS AT LAW

MEGHAN A. HAYDEN
Direct: 860.761.1114
Admitted in Connecticut & New York
mhayden@kmelaw.com

April 4, 2019

*VIA EMAIL AND FEDERAL EXPRESS*

Richmond Hospitality LLC
222 Degraw Street
Brooklyn, NY 11231
Attn: Sal Faraone

     Re:    Shaughnessy Capital LLC ("**Lender**")
              $9,325,000 mortgage loan (the "**Loan**")
              Richmond Hospitality LLC ("**Borrower**")
              110 South Bridge Street, Staten Island, New York (the "**Property**")

Mr: Faraone:

This firm represents Shaughnessy Capital LLC, a Delaware limited liability company (hereafter "**Lender**"), the current holder of the Note (as defined below) evidencing the above referenced Loan.

Reference is hereby made to the following documents in connection with the Loan, each of which is given by Borrower and in favor of Lender unless otherwise specified below.

1.    Consolidated Amended & Restated Promissory Note in the original principal amount of $5,225,000 dated December 6, 2018 ("Note A"), Promissory Note "B" in the original principal amount of $3,650,000 dated December 6, 2018 ("Note B") and a Promissory Note "C" dated December 6, 2018, each as modified and amended (collectively the "**Note**")

2.    A Commercial Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing securing each of the aforementioned notes and encumbering Property (collectively the "**Mortgage**")

3.    Assignment of Construction Contracts dated December 6, 2018 (the "**Assignment of Contracts**");

4.    Environmental Indemnification Agreement dated December 6, 2018 (the "**Environmental Indemnity**");

5.      Building Loan Agreement dated December 6, 2018, as amended (collectively the "**Disbursement Agreement**"); and

6.      Unconditional Secured Guaranty Agreements dated December 6, 2018 from Sal Faraone, Benedetto Intravia, Hitesh Patel, Nishita Patel, Harshad Patel and Sanjay & Hansa Patel (collectively the "**Secured Guaranty Agreements**"); and

7.      Supplemental Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing each dated December 6, 2018 and securing each of the Secured Guaranty Agreements (the "**Supplemental Mortgages**")

The Note, the Mortgage, the Assignment of Contracts, the Environmental Indemnity, the Disbursement Agreement, the Personal Secured Guaranty Agreements and the Supplemental Mortgages, together with any and all other documents, instruments, certificates and agreements executed or otherwise existing from time to time in connection with the foregoing documents and/or the Loan, including, without limitation, any financing statements, are referred to herein collectively as the "**Loan Documents**".

We are writing to advise you that Lender has received Notice of Lien in the amount of $483,951.06 filed by Precision Builders Group Ltd., a copy of which is enclosed (the "Mechanics Lien"). Pursuant to Sections 2.2(c) & 2.4 of the Mortgage, Borrower is required to pay when due the claims of all persons or party supplying labor or materials to or in connection with the Property and if any lien or encumbrance is filed by any such person or party, Borrower is required to promptly discharge same. Moreover, the provisions of the Disbursement Agreement require that the Borrower complete the contemplated construction work in a good and workmanlike manner, free of all liens and claims of third parties. Also, since the Mechanics Lien is a basis for a default under the Ground Lease (see Section 5.02 of the Ground Lease), this results in a violation of Section 7.1(m) of the Mortgage which provides that a default under the Ground Lease is a default under the Loan Documents. Finally, Borrower's failure to pay the amounts due to Precision Builders Ltd. which gave rise to the Mechanics Lien in question also indicates that Borrower is in breach of the trust fund covenants of Section 13 of the Lien Law.

Accordingly, Borrower's failure to perform the loan document covenants as described above shall constitute a default under the Loan Document and if such failure continues for a period of thirty (30) days from the date hereof, such failure will result in the occurrence of an "Event of Default" pursuant to Article 7 of the Mortgage. Upon an Event of Default as such term is defined in the Loan Documents, Lender shall have the option, in addition to any other rights and remedies available to it under law or in equity, to accelerate the Loan and pursue the foreclosure of the Mortgage and the Supplemental Mortgages. In addition, notwithstanding whether Lender elects to accelerate the Loan and commence a foreclosure of the Mortgage and/or Supplemental Mortgagses, the principal balance and accrued interest under the Loan shall hereafter bear interest at the

default rate specified in the Note.  Further, as a consequence to the occurrence of an Event of Default under the Loan Documents, Borrower shall be responsible for any and all additional costs and expenses incurred by Lender in connection with the Event of Default referenced herein and its enforcement of the Loan Documents (which shall include, but not be limited to, payment of Lender's attorney's fees).  Finally, this letter shall service as notice that as a consequence of the Event of Default, Lender reserves its right to pursue personal liability against the Guarantors to the fullest extent permitted under the Loan Documents and to seek foreclosure of the Supplemental Mortgages securing same.

Demand is therefore made for Borrower to cause the Mechanics Lien to be released and discharged and for all amounts due to Prestige Builders Ltd. be remitted in full and for Borrower to otherwise cure the conditions and deficiencies referenced herein to Lender's satisfaction on or before the date that is thirty (30) days of the date of this letter; to wit, on or before May 3, 2019.

This notice shall in no way be deemed to obligate Lender to give Borrower, any other party in receipt of this letter, or anyone else, any other notices of any kind in connection with the Loan. All waivers contained in the Loan Documents, including without limitation, waivers of notice or demand, remain in full force and effect and shall not be deemed to have been waived by Lender, or otherwise affected, as a result of Lender's prior actions or Lender's delivery of this letter. This letter further constitutes notice to Borrower and all other parties in receipt hereof that Lender expects prompt and strict compliance with the terms of the Loan Documents. The above description of the Loan Documents is for information and convenience only and shall not be deemed to limit, amplify, modify or otherwise affect the terms of the Loan, or Lender's rights, or Borrower's obligations, with respect to the Loan.  Other defaults or Events of Default under the Loan Documents may exist or be discovered and Lender does not waive any of its rights and remedies by not listing the same in this Letter.

Should you have any questions or comments relating to the foregoing, please contact me at the address or telephone number above.

Very Truly Yours,

Meghan A.  Hayden

cc:     Bastian Rose
        Benedetto Intravia
        Hitesh Patel
        Nishita Patel,
        Harshad Patel
        Sanjay & Hansa Patel