# EXHIBIT H

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF RICHMOND<br>-------------------------------------------------------------------X<br>SHAUGHNESSY CAPITAL LLC,<br><br>                                         Plaintiff,<br><br>               -against-<br><br>RICHMOND HOSPITALITY LLC; 100-110 SOUTH BRIDGE LLC; R.A. PROPERTIES, LLC; PRECISION BUILDERS GROUP LTD.; JOHN MICHAEL ELECTRIC CONTRACTING CORP.; ALL CITY GLASS FABRICATORS CORP.; BENEDETTO INTRAVIA a/k/a BENEDETTO INTRAVAIA; KBA REALTY, LLC; HARSHADBHAI PATEL a/k/a HARSHAD PATEL; NIKETABEN PATEL; HITESH PATEL a/k/a HITESHKUMAR PATEL; SEBASTIANO FARAONE; SANJAY PATEL; HANSA PATEL; JIGAR PATEL,<br><br>                                         Defendants.<br>-------------------------------------------------------------------X | Index No.<br>Date Filed:<br><br>Plaintiff designates RICHMOND County as the place of trial.<br><br>**SUMMONS**<br><br>The basis of venue is the location of the leasehold estate sought to be foreclosed located at 110 South Bridge Street, Staten Island, New York 10309<br><br>Plaintiff's Address: 333 Mamaroneck Avenue, #291, White Plains, New York 10605 |

To the above-named Defendant(s):

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:		New York, New York
		November 18, 2019

										VLOCK & ASSOCIATES, P.C.
										Attorneys for Plaintiff
										630 Third Avenue, 18th Floor
										New York, New York 10017
										(212) 557-0020

										By: *Stephen Vlock*
										Stephen Vlock, Esq.

To:

RICHMOND HOSPITALITY LLC
222 Degraw Street
Brooklyn, New York 11231

100-110 SOUTH BRIDGE LLC
100 South Bridge Street
Staten Island, New York 10309

R.A. PROPERTIES, LLC
715 Sharrotts Road
Staten Island, New York 10309

PRECISION BUILDERS GROUP LTD.
145 Hook Creek Boulevard, Bldg. A3A
Valley Stream, New York 11581

JOHN MICHAEL ELECTRIC CONTRACTING CORP.
14 Village Road
Brooklyn, New York 11223

ALL CITY GLASS FABRICATORS CORP.
1997 Utica Avenue
Brooklyn, New York 11234

BENEDETTO INTRAVIA a/k/a BENEDETTO INTRAVAIA
541 Sycamore Street
Staten Island, New York 13012

KBA REALTY, LLC
541 Sycamore Street
Staten Island, New York 13012

HARSHADBHAI PATEL a/k/a HARSHAD PATEL
29 Queens Lane
New Hyde Park, New York 11040

NIKETABEN PATEL
29 Queens Lane
New Hyde Park, New York 11040

HITESH PATEL a/k/a HITESHKUMAR PATEL
45 Park East
New Hyde Park, New York 11040

SEBASTIANO FARAONE
222 Degraw Street
Brooklyn, New York 11231

SANJAY PATEL
188 Shepherd Lane
Roslyn Heights, New York 11577

HANSA PATEL
188 Shepherd Lane
Roslyn Heights, New York 11577

JIGAR PATEL
11 Cider Mill Lane
Lexington, Massachusetts 02421

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF RICHMOND<br>-----------------------------------------------------------------X<br>SHAUGHNESSY CAPITAL LLC,<br><br>                                                         Plaintiff,<br><br>                       -against-<br><br>RICHMOND HOSPITALITY LLC; 100-110 SOUTH BRIDGE LLC; R.A. PROPERTIES, LLC; PRECISION BUILDERS GROUP LTD.; JOHN MICHAEL ELECTRIC CONTRACTING CORP.; ALL CITY GLASS FABRICATORS CORP.; BENEDETTO INTRAVIA a/k/a BENEDETTO INTRAVAIA; KBA REALTY, LLC; HARSHADBHAI PATEL a/k/a HARSHAD PATEL; NIKETABEN PATEL; HITESH PATEL a/k/a HITESHKUMAR PATEL; SEBASTIANO FARAONE; SANJAY PATEL; HANSA PATEL; JIGAR PATEL,<br><br>                                                         Defendants.<br>-----------------------------------------------------------------X | Index No.<br><br>**COMPLAINT** |

Plaintiff, by its attorneys, VLOCK & ASSOCIATES, P.C., complains against the Defendants as follows:

## THE PARTIES

1.      Plaintiff SHAUGHNESSY CAPITAL LLC, is a limited liability company duly organized and existing pursuant to the laws of the State of Delaware, with its place of business located at 333 Mamaroneck Avenue, #291, White Plains, New York 10605.

2. Upon information and belief, Defendant RICHMOND HOSPITALITY LLC is a limited liability company duly organized and existing pursuant to the laws of the State of New York, with its place of business located at 222 Degraw Street, Brooklyn, New York 11231.

3. Upon information and belief, Defendant 100-110 SOUTH BRIDGE LLC is a limited liability company duly organized and existing pursuant to the laws of the State of New York, with its place of business located at 110 South Bridge Street, Staten Island, New York 10309, and is the owner of the subject premises located at 110 South Bridge Street, Staten Island, New York 10309, also identified as Block 7584, Lots 99 and 101 on the Tax Map of the County of Richmond, State of New York, and as more fully described in Exhibit "A" annexed hereto.

4. Upon information and belief, Defendant R.A. PROPERTIES, LLC is a limited liability company duly organized and existing pursuant to the laws of the State of New York, with its place of business located at 715 Sharrotts Road, Staten Island, New York 10309.

5. Upon information and belief, Defendant PRECISION BUILDERS GROUP LTD. is a corporation duly organized and existing pursuant to the laws of the State of New York, with its place of business located at 145 Hook Creek Boulevard, Bldg. A3A, Valley Stream, New York 11581.

6. Upon information and belief, Defendant JOHN MICHAEL ELECTRIC CONTRACTING CORP. is a corporation duly organized and existing pursuant to the laws of the State of New York, with its place of business located at 14 Village Road, Brooklyn, New York 11223.

7. Upon information and belief, Defendant ALL CITY GLASS FABRICATORS CORP. is a corporation duly organized and existing pursuant to the laws of the State of New York, with its place of business located at 1997 Utica Avenue, Brooklyn, New York 11234.

8. Upon information and belief, Defendant BENEDETTO INTRAVIA a/k/a BENEDETTO INTRAVAIA is an individual residing at 541 Sycamore Street, Staten Island, New York 13012.

9. Upon information and belief, Defendant KBA REALTY, LLC, is a limited liability company duly organized and existing pursuant to the laws of the State of New York, with its place of business located at 541 Sycamore Street, Staten Island, New York 13012.

10. Upon information and belief, Defendant HARSHADBHAI PATEL a/k/a HARSHAD PATEL is an individual residing at 29 Queens Lane, New Hyde Park, New York 11040.

11. Upon information and belief, Defendant NIKETABEN PATEL is an individual residing at 29 Queens Lane, New Hyde Park, New York 11040.

12. Upon information and belief, Defendant HITESH PATEL a/k/a HITESHKUMAR PATEL is an individual residing at 45 Park East, New Hyde Park, New York 11040.

13. Upon information and belief, Defendant SEBASTIANO FARAONE is an individual residing at 222 Degraw Street, Brooklyn, New York 11231.

14. Upon information and belief, Defendant SANJAY PATEL is an individual residing at 188 Shepherd Lane, Roslyn Heights, New York 11577.

15.     Upon information and belief, Defendant HANSA PATEL is an individual residing at 188 Shepherd Lane, Roslyn Heights, New York 11577.

16.     Upon information and belief, Defendant JIGAR PATEL is an individual residing at 11 Cider Mill Lane, Lexington, Massachusetts 02421.

## CAUSE OF ACTION

17.     On or about December 7, 2018, Defendant RICHMOND HOSPITALITY LLC executed and delivered to Plaintiff a certain Consolidated, Amended and Restated Promissory Note in the sum of $5,225,000.00 representing a business loan to said Defendant.

18.     On or about December 7, 2018, Defendant RICHMOND HOSPITALITY LLC executed and delivered to Plaintiff a certain 2nd Building Loan Promissory Note B in the sum of $3,650,000.00 representing a business loan to said Defendant.

19.     On or about December 7, 2018, Defendant RICHMOND HOSPITALITY LLC executed and delivered to Plaintiff a certain 2nd Project Loan Promissory Note C in the sum of $450,000.00 representing a business loan to said Defendant.

20.     On or about December 7, 2018, Defendant RICHMOND HOSPITALITY LLC executed and delivered to Plaintiff, a Consolidated, Amended and Restated Commercial Leasehold Mortgage in the sum of $5,225,000.00, as security for the aforesaid Consolidated, Amended and Restated Promissory Note, which was recorded in the office of the Clerk of the County of Richmond, State of New York, on December 27, 2019, under Document No. 724850. The tax, if any, imposed by law upon the recording thereof, was duly paid.  A copy of the said

Mortgage is annexed hereto as Exhibit "A" and the terms thereof are incorporated herein as if more fully set forth at length hereinafter.

21. On or about December 7, 2018, Defendant RICHMOND HOSPITALITY LLC executed and delivered to Plaintiff, a Mortgage in the sum of $3,650,000.00, as security for the aforesaid promissory notes, which was recorded in the office of the Clerk of the County of Richmond, State of New York, on December 27, 2019, under Document No. 724851. The tax, if any, imposed by law upon the recording thereof, was duly paid. A copy of the said Mortgage is annexed hereto as Exhibit "B" and the terms thereof are incorporated herein as if more fully set forth at length hereinafter.

22. On or about December 7, 2018, Defendant RICHMOND HOSPITALITY LLC executed and delivered to Plaintiff, a Mortgage in the sum of $450,000.00, as security for the aforesaid promissory notes, which was recorded in the office of the Clerk of the County of Richmond, State of New York, on December 27, 2019, under Document No. 724852. The tax, if any, imposed by law upon the recording thereof, was duly paid. A copy of the said Mortgage is annexed hereto as Exhibit "C" and the terms thereof are incorporated herein as if more fully set forth at length hereinafter.

23. On or about December 7, 2018, Defendants BENEDETTO INTRAVIA a/k/a BENEDETTO INTRAVAIA and KBA REALTY, LLC, executed and delivered to Plaintiff a certain Unconditional Secured Guaranty securing the obligations under the aforesaid promissory notes.

24. On or about December 7, 2018, Defendant HARSHADBHAI PATEL a/k/a HARSHAD PATEL executed and delivered to Plaintiff a certain Unconditional Secured Guaranty securing the obligations under the aforesaid promissory notes.

25. On or about December 7, 2018, Defendant HITESH PATEL a/k/a HITESHKUMAR PATEL executed and delivered to Plaintiff a certain Unconditional Secured Guaranty securing the obligations under the aforesaid promissory notes.

26. On or about December 7, 2018, Defendant SEBASTIANO FARAONE executed and delivered to Plaintiff a certain Unconditional Secured Guaranty securing the obligations under the aforesaid promissory notes.

27. On or about December 7, 2018, Defendants SANJAY PATEL and HANSA PATEL executed and delivered to Plaintiff a certain Unconditional Secured Guaranty securing the obligations under the aforesaid promissory notes.

28. On or about December 7, 2018, Defendant JIGAR PATEL executed and delivered to Plaintiff a certain Unconditional Secured Guaranty securing the obligations under the aforesaid promissory notes.

29. Plaintiff is the owner and holder of the Mortgage and is entitled to enforce the aforesaid promissory notes and Mortgage pursuant to law.

30. Pursuant to the terms of the aforesaid promissory notes and Mortgages, the Defendants covenanted and agreed to pay to Plaintiff the principal sum of $9,325,000.00 together with interest at the rates as provided therein in monthly installments, and that in case of default in the payment of any principal or interest that might become due thereon, or in case of a

default in the compliance with the other terms, covenants or conditions of the Mortgages, Plaintiff could declare the entire indebtedness secured thereunder immediately due and payable, and Plaintiff was thereby empowered to sell the mortgaged leasehold estate according to law.

31. Pursuant to the terms of the aforesaid promissory notes and Mortgages, the Defendants covenanted and agreed to comply with all terms of the said Mortgages, as well to comply with other Loan Documents as such term is defined therein.

32. Pursuant to terms set forth in the aforesaid promissory notes and Mortgages, rights of presentment and notice of dishonor are waived by Defendants.

33. Defendants defaulted with respect to the obligations under the aforesaid promissory notes and Mortgages by failing to comply with, *inter alia*, Sections 2.2(c), 2.4 and 7.1(m) of the Mortgages, in that the Defendants allowed a lien or encumbrance to be filed and remain against the property subject to the Mortgage, and Defendants failed to cure the default thereunder despite due demand.

34. By reason of said default, Plaintiff has duly elected and does hereby elect to declare the entire balance of the principal sum secured by the Mortgages immediately due and payable.

35. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgages.

36. This action is not subject to RPAPL §§ 1303(a), 1304 or Banking Law §§ 595-a, 6-L and 6-M, as this involves commercial loans, and is otherwise not subject to the provisions of the aforesaid statutes.

37.     Defendants are duly indebted to Plaintiff under the terms of the aforesaid promissory notes and Mortgages, in the principal sum of 9,325,000.00, together with interest, escrow due if any, other sums set forth therein, and sums advanced for the protection of the subject premises. Interest continues to accrue at the interest rates set forth in the aforesaid promissory notes and Mortgages.

38.     Plaintiff requests the consolidation of the aforesaid Mortgages by declaring them to be of equal priority, which will not adversely affect the rights of persons having interests in the premises, and there are no intervening interests.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a.  That the aforesaid Mortgages be consolidated by declaring them to be of equal priority, that they be foreclosed and that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action or to the filing of a Notice of Pendency thereof, be forever barred and foreclosed of all right, title, claim, lien, interest, estate and equity of redemption in and to the mortgaged premises and each and every part thereof;

b.  That the leasehold estate be decreed to be sold according to law, subject to the terms set forth above in this Complaint;

c.  That Plaintiff be paid the amounts due on the aforesaid Mortgages as hereinbefore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorneys' fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any term or provision of the aforesaid Mortgages set forth in this Complaint, or to protect the liens of Mortgages, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same;

d.  That this Court forthwith appoint a receiver for the benefit of Plaintiff with the usual powers and duties to receive and collect the rents and profits from any and all of the premises during the pendency of this action, and that Defendants and

        each of them be enjoined and restrained from interfering with said receiver in the discharge of his/her duties hereunder;

e.     That Defendants RICHMOND HOSPITALITY LLC; BENEDETTO INTRAVIA a/k/a BENEDETTO INTRAVAIA; KBA REALTY, LLC; HARSHADBHAI PATEL a/k/a HARSHAD PATEL; NIKETABEN PATEL; HITESH PATEL a/k/a HITESHKUMAR PATEL; SEBASTIANO FARAONE; SANJAY PATEL; HANSA PATEL; and JIGAR PATEL, be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged leasehold estate and the application of the proceeds pursuant to the directions contained in such judgment;

f.     That in the event that Plaintiff possesses any other lien(s) either by way of judgment, junior mortgage or otherwise, that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s); and

g.     For such other and further relief as the Court deems just, proper and equitable under the circumstances.

Dated:     New York, New York
               November 18, 2019

                                                             VLOCK & ASSOCIATES, P.C.
                                                             Attorneys for Plaintiff
                                                             630 Third Avenue, 18th Floor
                                                             New York, New York 10017
                                                             (212) 557-0020

                                                             By: *Stephen Vlock*
                                                             Stephen Vlock, Esq.

## VERIFICATION

STEPHEN VLOCK, an attorney duly admitted to practice before the Courts of the State of New York, under the penalties of perjury, affirms the truth of the following: that affiant is a member of the firm of VLOCK & ASSOCIATES, P.C., attorneys for Plaintiff in this action; that affiant has read the foregoing Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, he believes it to be true. Affiant makes this verification pursuant to CPLR § 3020 because Plaintiff is not in the county where affiant has his office. This verification is based upon review of documents in affiant's possession.

Dated:	New York, New York
	November 18, 2019

	*Stephen Vlock*
	STEPHEN VLOCK